# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Annette D. Walker,

          Plaintiff,

v.

Social Security Administration, et al.,

          Defendants.

Case No. 2:21-cv-01352-RFB-BNW

**ORDER**

      Before the Court is pro se plaintiff's amended complaint (ECF No. 5), filed on August 19, 2021. Previously, the Court explained to Plaintiff that her complaint was difficult to follow and that the events asserted in the complaint did not support any legal conclusions or even seem to relate to one another. ECF No. 2. The Court dismissed the complaint and gave Plaintiff leave to amend. *Id*. Plaintiff filed an amended complaint, but it suffers from similar deficiencies. As a result, the Court will dismiss the complaint and give Plaintiff one last chance to file a second amended complaint that comports with this order.

**I.    Background**

      In the amended complaint, Plaintiff sues the following defendants: the Social Security Administration, Attorney General A. Ford., Housing of Urban Development, "M. Fudge, SNRHA/SNVRHA," Wells Fargo Bank, and the State of Georgia. ECF No. 5 at 1. Plaintiff alleges: "identity theft/discrimination/slander, defamation," and domestic terrorism. *Id*.

      The amended complaint starts out by explaining she has had black mold for three years and "the landlord SNRHA only filed evictions—2018-2021." *Id*. There is also mention of the COVID pandemic. *Id*. Plaintiff alleges that the landlord was "in violation of rental agreements—discrimination—other resident stayed at hotels or extended stays." *Id*. at 2. Plaintiff also sets forth certain statements made by the Social Security Administration, including the different dates she was married and divorced, and the dates she received benefits as a result of being a widow. *Id*. at

2-3. In addition, she asserts that the Social Security Administration has barred her from all "SS Bldgs without due process/which has resulted in slander, defamation, loss of business, mpacs RICO, obstruction of justice." *Id*. at 3.  As to Wells Fargo, she asserts it has "violated, discriminated, denied access to account," "refuse[d] to change name, under paper reduction act" while men's names stay the same regardless of their marital status. *Id*. at 3-4. Wells Fargo also allegedly refused to give Plaintiff a bank card. *Id*. at 4. All of this resulted in "broken family and friendship, shame, and pain." Plaintiff asks the Court to stop the "domestic terrorism" and fix her marital rights. *Id*. at 4-5.

## II.     Analysis

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Here, even liberally construing plaintiff's allegations, the Court finds that plaintiff's allegations once again describe delusional scenarios and lack any meaningful facts to support her legal conclusions. The assertions are disjointed and do not relate to one another. Thus, Plaintiff fails to state a claim upon which relief can be granted. The Court, therefore, will recommend dismissal of Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the defendants' involvement in the case, and the approximate dates of their involvement. See Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give a defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for the Court's jurisdiction. See Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

### III.    Conclusion

**IT IS THEREFORE ORDERED** that the amended complaint (ECF No. 5) is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have until October 8, 2021 to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this case be dismissed.

DATED: September 8, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE